# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                              )

**UNITRONICS (1989) (R''G) LTD.,**  )
*et al.*,  )
  )
          **Plaintiffs,**  )       **Civil Action No. 14-1635 (RMC)**[1]
  )
        **v.**  )
  )
**SAMY GHARB,**  )
  )
          **Defendant.**  )
_____  )

## MEMORANDUM OPINION

In 2007, this Court held that Unitronics (1989) (R''G) Ltd. and Unitronics, Inc.

(collectively, Unitronics) did not infringe U.S. Patent No. 6,552,654, held by Samy Gharb.[2]  *See*

*Unitronics (1989) (R''G) Ltd. v. Gharb*, Civil Case No. 06-27 (*Gharb I*), 511 F. Supp. 2d 123

(D.D.C. 2007).  It subsequently entered an injunction to enjoin Mr. Gharb from asserting

infringement of his patent or interfering with the contractual relations between Unitronics and its

customers by referring to his patent.  *Gharb I*, 532 F. Supp. 2d 25 (D.D.C. 2008); *see id.*, Order

[Dkt. 79] (Injunction Order).  However, eight years later, Mr. Gharb continues to harass

Unitronics and file complaints asserting infringement of the same patent.  Unitronics now moves

for a contempt judgment and sanctions based on Mr. Gharb's violation of the Injunction Order.

Unitronics also seeks to dismiss Complaints filed by Mr. Gharb in two related cases.  For reasons

---

[1] A copy of this Order has been filed Civil Case Nos. 06-27 (RMC), 14-1635 (RMC), and 14-1636 (RMC).

[2] Because Mr. Gharb has litigated his cases from Switzerland, where he resides, the Court has allowed him to send and receive all docket entries by email as well as by regular mail.

set forth below, the Court will find Mr. Gharb in contempt, will award sanctions to Unitronics,

and will grant dismissal.

## I.    BACKGROUND

Unitronics initially sued Samy Gharb in this Court on January 10, 2006, alleging

that Mr. Gharb "repeatedly and harassingly contacted" the company because of his belief that it

had infringed his patent, U.S. Patent No. 6,552,654 ('654 Patent).  Compl. [Dkt. 1] ¶ 18.

Unitronics sought a declaratory judgment of non-infringement.  On September 25, 2007, this

Court issued a Memorandum Opinion holding that Unitronics had not infringed the '654 Patent.

*See Gharb I*, 511 F. Supp. 2d at 126.

On November 1, 2007, Unitronics filed a motion for injunctive relief to prevent

Mr. Gharb from continuing to assert infringement of the '654 Patent.  After briefing on the

matter, the Court issued a permanent injunction on January 30, 2008, ordering that:

> Defendant, Samy Gharb, his affiliated companies, officers,
> directors, agents, and representatives, and each of them are
> immediately and permanently enjoined from: (1) communicating
> threats or assertions of infringement based on the subject matter
> claimed in United States Patent Number 6,552,654, against
> Plaintiffs or Plaintiffs' customers based on their manufacture, use,
> sell, offers to sell, or importation of Programmable Logic
> Controllers (PLCs); (2) bringing suit under United States Patent
> Number 6,552,654, against Unitronics or Unitronics' customers
> based on their manufacture, use, sale, offers to sell, or importation
> of PLCs; and (3) interfering with the contractual relations between
> Unitronics and their customers in any fashion by referring to United
> States Patent 6,552,654. . . .

*Gharb I*, Injunction Order at 1.  Mr. Gharb appealed the Injunction Order and, on December 3,

2008, the Federal Circuit affirmed "[b]ecause [it] agree[d] with the district court that Unitronics

does not infringe the '654 patent."  *Unitronics 1989 RG Ltd. v. Gharb*, 318 Fed. Appx. 902, 903

(Fed. Cir. 2008) (*Gharb II*).

Nonetheless, on September 29, 2014, Mr. Gharb filed two lawsuits in this district generally alleging infringement of the '654 patent by Unitronics and other entities.[3]  *See Gharb v. Unitronics, Inc.,* Civil Case Nos. 14-1635 (RMC) (*Gharb III*) and 14-1636 (RMC) (*Gharb IV*).[4]  The Complaints include multiple references to programmable logic controllers (PLCs) and the global system for mobile communications (GSM), which were the technologies addressed in the Court's prior decisions and the Injunction Order.  Unitronics moved to dismiss both cases arguing, *inter alia*, that this Court's permanent injunction barred Mr. Gharb from bringing any claim relating to the '654 patent.  *See Gharb III*, Motion to Dismiss Complaint [Dkt. 6]; *Gharb IV*, Motion to Dismiss Complaint [Dkt. 4].  Mr. Gharb filed (and continues to file) multiple motions and other responses to Unitronics' motions to dismiss, none of which addresses the fact that he is enjoined from bringing these lawsuits.  *See Gharb III*, Dkt. Nos. 8, 13, 14, 20, 21, 22, 23, 27; *Gharb IV*, Dkt Nos. 8, 9, 14, 15.  Instead, his pleadings reiterate claims made in his Complaints in those cases and include muddled accusations that Haim Shani, President and Chief Executive Officer of Unitronics, falsely represented himself as the owner of various trademarks relating to the technologies at issue in the underlying case, and that various lawyers hid trademark documents and do not "respect" trademark law.  *Id.*

---

[3] Mr. Gharb had earlier filed two lawsuits alleging infringement of the '654 patent, which were dismissed for failure to serve the complaints.  *See* July 7, 2011 Minute Orders in *Gharb v. City of Hoboken*, Civil Case No. 10-1845 (EGS) and *Gharb v. Unitronics 1989 RG Ltd.*, Civil Case No. 10-1847 (EGS).

[4] In *Gharb III*, in addition to Unitronics, Mr. Gharb lists the following Defendants in the caption of his Complaint: Haim Shani, Seth Frielich, Bareket Shani, Eyal Saban, Yair Itscovich, Avner Barak, Dale Lischer, Jonathan Minnen, Brendan E. Squire, Glenn Parry, and Israel Military Industries (IMI).  In *Gharb IV*, he names most of the same Defendants, omitting IMI and adding the "City of Hoboken" and the "Councilman of Hoboken."  With the exception of IMI, the Court will refer collectively to these Defendants as the "Individual Defendants."

On January 15, 2015, Unitronics filed a motion for a contempt judgment in *Gharb I* on the ground that Mr. Gharb was pursuing litigation based on the '654 Patent in violation of the Injunction Order. *See Gharb I*, Mot. for Judgment of Contempt [Dkt. 90] (Contempt Motion).[5]   Unitronics asks the Court to find Mr. Gharb in contempt of the Injunction Order and award sanctions, including attorney fees incurred as a result of having to defend against the ongoing litigation.

On January 21, 2015, the Court ordered Mr. Gharb to show cause, no later than March 6, 2015, why (1) the Court should not grant Unitronics' motion, find Mr. Gharb in contempt, and impose sanctions upon him; and (2) the Court should not grant Unitronics' motions to dismiss Civil Case Nos. 14-1635 and 14-1636. *See* Order to Show Cause, *Gharb I*, Dkt. 91; *Gharb III*, Dkt. 18; *Gharb IV*, Dkt. 12.   Mr. Gharb filed numerous responses (many of which are identical to those filed in *Gharb III and Gharb IV*), generally arguing that Unitronics infringed the '654 Patent and seeking monetary damages. *See Gharb I*, Dkt. Nos. 92-96, 98.   His pleadings also refer to the PLCs and GSM technologies at issue in the original case, and contain allegations concerning allegedly false statements and hidden trademarks.[6]

---

[5] Unitronics also notes that Mr. Gharb continues to send emails alleging infringement of the '654 patent to counsel for Unitronics and to other attorneys at the same law firm who are unrelated to this litigation. *See Gharb I*, Dkt. 90-13.

[6] In one of his responses (filed in all three cases), Mr. Gharb complains that he "do[es] not agree that [Judge Collyer] will be working in [*Gharb III* and *Gharb IV*]" because of "her Credibility and her perception" and that he had filed a complaint against her. *See Gharb I*, Dkt. 92, at 1; *Gharb III*, Dkt. 19, at 1; *Gharb IV*, Dkt. 13, at 1.   Mr. Gharb asserts that the undersigned judge did not file certain evidence relating to his patent, "did not read [his] two new Complaints and [his] request for payment," and "wasted [his] time since three years without any right." *Id.*   The Judicial Council for the District of Columbia Circuit dismissed Mr. Gharb's complaint against the undersigned on December 17, 2014, finding that Mr. Gharb's allegations were directly related to the merits of a decision or procedural ruling and therefore could not constitute cognizable misconduct under the Judicial Conduct Rules. *See* Memorandum and Order, In the Matter of a Charge of Judicial Misconduct or Disability, Judicial Council Complaint No. DC-14-90034, available at

## II.    LEGAL STANDARDS

### A.  Motion for Contempt Judgment

Courts have inherent authority to enforce compliance with their orders through contempt proceedings.  *See Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006) ("'The power to punish for contempts is inherent in all courts; its existence is essential to . . . the enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice.'") (quoting *Ex parte Robinson*, 86 U.S. (19 Wall.) 505, 510 (1874)); *accord FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 637 F.3d 373, 377 (D.C. Cir. 2011) ("It is incontrovertible that federal courts enjoy inherent contempt power."); *see also* 18 U.S.C. § 401(3) (statutory authority to impose sanctions for contempt).

> Federal court orders are to be obeyed unless and until litigants succeed in having them duly overturned by the appropriate court of appeals.   Litigants may not defy court orders because their commands are not to the litigants' liking.  If the rule of law is to be upheld, it is essential that the judiciary takes firm action to vindicate its authority and to compel compliance with lawfully issued directives.

*Am. Rivers v. United States Army Corps of Eng'rs*, 274 F. Supp. 2d 62, 70 (D.D.C. 2003).

"'A civil contempt action is characterized as remedial in nature, used to obtain compliance with a court order or to compensate for damages sustained as a result from noncompliance.'"  *United States v. Latney's Funeral Home, Inc.*, 41 F. Supp. 3d 24, 2014 WL 1826732, *29 (D.D.C. May 8, 2014) (quoting *United States v. Shelton*, 539 F. Supp. 2d 259, 262 (D.D.C. 2008)); *Local 28 of Sheet Metal Workers v. EEOC*, 478 U.S. 421, 443 (1986) (Sanctions

---

http://www.cadc.uscourts.gov/internet/misconduct.nsf/30F1B41DB5E8E34585257DB10075AD2E/$file/DC-14-90034.O.pdf (last visited on March 27, 2015).  To the extent Mr. Gharb seeks a new judge for these cases—which are directly related to his claims of patent infringement—his request is denied.  Additionally, if Mr. Gharb disagrees with this Court's decisions, he may appeal to the United States Court of Appeals for the District of Columbia Circuit.

may be imposed in civil contempt proceedings "for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.")  (citations and internal quotations omitted).  "[U]nlike discovery sanctions, civil contempt sanctions may not be punitive—they must be calibrated to coerce compliance or compensate a complainant for losses sustained."  *In re Fannie Mae Secs. Litig.*, 552 F.3d 814, 823 (D.C. Cir. 2009); *accord In re Magwood*, 785 F.2d 1077, 1081 (D.C. Cir. 1986).  "The intent of the recalcitrant party is irrelevant."  *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1016 (D.C. Cir. 1997).  In seeking a contempt order, a party must show by clear and convincing evidence that: (1) the court's order was reasonably clear and specific; and (2) the opposing party failed to comply.  *Broderick*, 437 F.3d at 1234; *Lee v. Dep't of Justice*, 401 F. Supp. 2d 123, 131 (D.D.C. 2005).

### B.  Motions to Dismiss

Complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), but even *pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  As noted above, in *Gharb III* and *Gharb IV*, Unitronics has filed motions to dismiss on various grounds, including failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  In *Gharb III*, Israel Military Industries, Ltd. (IMI) has also moved to dismiss.[7]

---

[7] IMI's relationship to Unitronics or Mr. Gharb is not clear from the pleadings.  However, in a case filed in the Court of Federal Claims, Mr. Gharb referred to IMI as a customer of Unitronics. *See Gharb v. United States*, No. 12-911C, 2013 WL 4828589, at *5 (Fed. Cl. Sept. 9, 2013) (describing Mr. Gharb's allegation that Unitronics sold infringing technologies to IMI).  As a customer, IMI would be covered by the Injunction Order.

As related to both IMI and the Individual Defendants, a complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

Furthermore, Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district courts may also *sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court order. *See Jones v. Horne*, 634 F.3d 588, 603 (D.C. Cir. 2011) (emphasis added) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2372 (3d ed. 2010)).

## III.   ANALYSIS

### A.  Mr. Gharb is in Contempt of a Court Order

To prove that Mr. Gharb is in contempt of a prior court order, Unitronics must demonstrate that (1) the January 30, 2008 Injunction Order was reasonably clear and specific and

(2) Mr. Gharb is in violation of that Order.  *See Lee*, 401 F. Supp. 2d at 142; *see also S.E.C. v. Bilzerian*, 613 F. Supp. 2d 66, 70 (D.D.C. 2009).  Unitronics has met its burden.  The Injunction Order explicitly enjoined Mr. Gharb from asserting infringement claims based on the '654 Patent; suing Unitronics or its customers "based on their manufacture, use, sale, offers to sell, or importation of PLCs;" or interfering with Unitronics' contractual relations in any fashion by reference to the '654 Patent.  *See* Injunction Order at 1.  Mr. Gharb has clearly failed to comply. He has filed four lawsuits against Unitronics alleging infringement of the '654 Patent since the Injunction Order, two of which remain pending before this Court.  Contempt Motion at 3-4.  He also continues to file motions requesting various forms of relief that challenge *Gharb I*'s finding of non-infringement.  *Id.* at 4.  Moreover, Mr. Gharb makes no attempt to justify his noncompliance with the Injunction Order barring repetitive suits.  Thus, based on Mr. Gharb's continued legal action against Unitronics regarding the '654 patent in violation of the January 30, 2008 Injunction Order, the Court finds him in contempt.  *See Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 70, 82 (D.D.C. 2003) ("Violation of an order to which a person is subject is contempt of court.").

### B.  Mr. Gharb's Complaints and Other Motions Shall Be Dismissed in their Entirety

Although the Complaints in *Gharb III* and *Gharb IV* are unclear, they seem to allege infringement of the '654 Patent by Unitronics.  These claims are in direct violation of the Court's Order enjoining Mr. Gharb from "bringing suit under United States Patent Number 6,552,654, against Unitronics or Unitronics' customers based on their manufacture, use, sale, offers to sell, or importation of PLCs."  Injunction Order at 1.  The Court will therefore dismiss Mr. Gharb's Complaints in *Gharb III* and *Gharb IV* under Rule 41(b) to the extent they include allegations of infringement of the '654 Patent or otherwise reference the '654 Patent, and will

deny all other motions filed by Mr. Gharb seeking relief on those same grounds. *See Martin v. United States Dep't of State*, 245 F. Supp. 2d 92, 94 (D.D.C. 2003) (dismissing complaint under Rule 41(b) because plaintiff violated terms of injunction requiring him to seek leave before filing lawsuit); *Hamrick v. United States*, 775 F. Supp. 2d 140, 142 (D.D.C. 2011) (dismissing plaintiff's complaint *sua sponte* under Rule 41(b) for failure to comply with court order requiring compliance with Rule 8).

All of Mr. Gharb's allegations pertaining to the '654 Patent are also barred by the doctrine of *res judicata*. *See Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (under the doctrine of *res judicata*, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction"). As the Federal Circuit has already determined that Unitronics has not infringed the '654 Patent, *see Gharb II*, 318 Fed. Appx. at 903, dismissal of Mr. Gharb's infringement claims is necessary and appropriate.[8]

Mr. Gharb also repeatedly argues in his Complaints, as well as in various motions seeking "Payment of Damages" (*see Gharb I*,  Dkt. 95; *Gharb III*, Dkts. 8, 14, 20, 21; *Gharb IV*, Dkts. 8, 9, 14), in his "Motions for Lawsuit" (*see Gharb I*, Dkt. 93; *Gharb III*, Dkts. 13, 22, 27), and other court filings (*see Gharb I*, Dkts. 94, 96, 98; *Gharb III*, Dkt. 23; *Gharb IV*, Dkt. 15) that Haim Shani, President and Chief Executive Officer of Unitronics, falsely represented himself as the owner of various infringing trademarks relating to the PLCs and the GSM technologies at

---

[8] Because Mr. Gharb's lawsuits are prohibited by the Injunction Order and the doctrine of *res judicata*, the Court does not address other arguments made by Unitronics.

issue in the underlying case.  Mr. Gharb bases these claims on 18 U.S.C. § 1001, which criminalizes false statements made to government agencies.

The Court reiterates that claims against Mr. Shani in his official capacity as head of Unitronics designed to attack Unitronics itself are precluded under the Injunction Order.  To the extent Mr. Gharb's assertions are separate from the allegations of patent infringement, however, they must be dismissed for failure to state a claim.  Mr. Gharb cannot pursue a claim against Mr. Shani, any Individual Defendant, or any entity under 18 U.S.C. § 1001 because the statute does not provide a private right of action. *Abou-Hussein v. Gates*, No. 09-5358, 2010 WL 2574084, at *1 (D.C. Cir. June 11, 2010) (18 U.S.C. § 1001 is criminal statute that does not expressly create private right of action) (citing *Cort v. Ash*, 422 U.S. 66, 79-80 (1975)).  Thus, all of Mr. Gharb's motions seeking relief on such grounds will be denied as moot

Mr. Gharb further alleges (in his Complaints and in various motions) that current counsel for Unitronics and IMI, counsel at the time the Injunction Order was imposed, and other unidentified individuals, hid trademark documents and do not respect trademark law because they have relied Mr. Shani's statements.  These claims do not appear to be distinct from Mr. Gharb's claims of patent infringement despite Mr. Gharb's assertions that the issues of hidden trademarks have "nothing to do with [his] patent case."  *Gharb III*, Dkt. 23, at 1.  In any event, because trademark registrations are publicly filed, any allegations that counsel somehow "hid" such registrations are meritless.  Additionally, "hiding trademark documents" or "failing to respect trademark law" are not cognizable claims.  Finally, such claims are irrelevant to whether Unitronics infringed the '654 Patent.

In their captions, the Complaints also identify as defendants IMI (in *Gharb III*) and various other individuals and entities.  However, with the exception of two individuals,

Haim Shani and Dale Lischer, none of the Individual Defendants nor IMI is mentioned at all in the allegations of the Complaints.  Mr. Gharb's failure to set forth any claim of wrongdoing by such Defendants or mention them anywhere in his Complaints renders his pleadings insufficient to state a claim against them, and dismissal of all such Defendants is warranted under Rule 12(b)(6).[9]  The only Defendants mentioned by Mr. Gharb in any of the allegations are Mr. Shani and Mr. Lischer, against whom the Court will also dismiss all claims for three reasons: first, there is no proof that these individuals have been served; second, to the extent the claims against them relate to patent infringement, such claims are barred by the Injunction Order; and third, any false statement claims or claims of "hidden trademarks" fail to state a claim, for reasons set forth above.

### C.  Sanctions Are Warranted

#### 1.  Attorney Fees

##### a.  Attorney Fees Based on Finding of Contempt

"A court may order a civil contemnor to compensate the injured party for losses caused by the violation of the court order, and such an award will often consist of reasonable costs (including attorneys' fees) incurred in bringing the civil contempt proceeding." *Landmark Legal Found.*, 272 F. Supp. 2d at 76 (citing cases); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967) ("In a civil contempt action occasioned by willful disobedience of a court order an award of attorney's fees may be authorized as part of the fine to be levied on the defendant.").  "[W]hile civil contempt sanctions are not punitive, they can be imposed to compensate the complainant for losses sustained as a result of the contumacious

---

[9] Because IMI, as noted above, is apparently a customer of Unitronics and is therefore covered by the Injunction Order, and because Mr. Gharb's Complaint against IMI fails to state a claim, it is unnecessary to reach the other arguments raised by IMI in its motion to dismiss.

conduct." *Landmark Legal Found.*, 272 F. Supp. 2d at 86 (citing *United States v. United Mine Workers*, 330 U.S 258, 303 (1947)).  Attorney fees are warranted here to compensate Unitronics for money damages sustained as a result of Mr. Gharb's noncompliance with the Injunction Order.  *Food Lion*, 103 F.3d at 1016.  These contempt sanctions—Unitronics' attorney fees and costs associated with both the contempt proceedings and the Complaints filed in *Gharb 1* and *Gharb 2*—are imposed not to punish Mr. Gharb, but rather to compensate Unitronics for the expenses of responding to Mr. Gharb's repeated filings in violation of the Injunction Order.  *See Int'l International Union, UMW v. Bagwell*, 512 U.S. 821, 827-28 (1994) ("[A] contempt sanction is considered civil if it is 'remedial, and for the benefit of the complainant . . . .'") (citation omitted)).

### b.  Attorney Fees under the Patent Act

Both Unitronics and IMI, Defendant in *Gharb III*, request attorney fees and costs associated with responding to Mr. Gharb's lawsuit(s) as allowed by 35 U.S.C. § 285.  Section 285 of the Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  The Supreme Court has held:

> [A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.  District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances.  As in the comparable context of the Copyright Act, "'[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'"

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)) (quotation marks and alterations in

original).[10]  Considerations favoring finding an "exceptional" case may include: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane*, 134 S. Ct at 1756 n.6.  Further, the Supreme Court held that Section 285 only requires a prevailing party to establish its entitlement to fees by a preponderance of the evidence.  *Id.* at 1758.

This Court finds that such fees are warranted for IMI and Unitronics under Section 285.  Mr. Gharb named IMI as a Defendant in *Gharb III*, but failed to allege any misconduct; there is therefore no basis for the Complaint against IMI.  Even if the allegations in the Complaint could be construed against IMI, Mr. Gharb's claims are so "exceptionally meritless" as to warrant attorney fees under 35 U.S.C. § 285.  *See Intex Recreation Corp. v. Team Worldwide Corp.*, Civil Case No. 04-1785 (PLF), 2015 WL 135532, at *3 (D.D.C. Jan. 9, 2015) (awarding attorney fees against party that filed summary judgment motion claiming infringement despite having received an adverse claim construction).

As an alternative to its contempt finding, the Court also finds that all factors militate in favor of awarding fees to Unitronics under Section 285.  In spite of the Injunction Order, Mr. Gharb has continued to bring frivolous and unreasonable claims against Unitronics, requiring them to respond to various motions filed nearly six years after the Federal Circuit affirmed this Court's finding of non-infringement.  To "advance considerations of compensation and deterrence," the Court finds this is an exceptional case and will grant Unitronics' request for

---

[10] *Octane* overturned the Federal Circuit's *Brooks Furniture* test, which only allowed fee-shifting under § 285 when there was either (1) litigation-related misconduct or (2) the lawsuit was brought in subjective bad faith and was objectively baseless.  *Octane*, 134 S. Ct. at 1752-53, 1756 (citing *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005)).

attorney fees.  Both Unitronics and IMI shall file petitions for reasonable attorney fees and costs incurred in connection with Mr. Gharb's lawsuits, along with detailed supporting documentation, and Mr. Gharb will be given an opportunity to respond.

### 2.  Future Filings

Unitronics also seeks a further injunction from this Court enjoining Mr. Gharb from filing any other claims alleging infringement of the '654 Patent, in compliance with the previously issued injunction.  For reasons set forth below, the Court grants this request.

"[I]n fashioning a remedy to stem the flow of frivolous actions, a court must take great care not to 'unduly impair[ ] [a litigant's] constitutional right of access to the courts.'" *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (quoting *In re Green*, 669 F.2d 779, 786 (D.C. Cir. 1981)) (alterations in original).  However, if a litigant "continues to abuse the judicial process by filing frivolous, duplicative, or harassing lawsuits, 'a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice.'"  *Caldwell v. Obama*, 6 F. Supp. 3d 31, 49-50 (D.D.C. 2013) (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)).

Three criteria must be met before a court can enjoin a litigious plaintiff from submitting additional filings.  *In re Powell*, 851 F.2d at 431; *accord Kaempfer v. Brown*, 872 F.2d 496 (D.C. Cir. 1989).  First, the plaintiff must be provided with "notice and an opportunity to be heard," by affording him a chance to "oppose the entry of an order restricting him before it is entered."  *Powell*, 851 F.2d at 431.  Second, "[i]n keeping with the exigent nature of injunctions and the caution required in issuing injunctions," a court should create an adequate record for review.  *Id.*  Third, a court must "make substantive findings as to the frivolous or harassing nature of the litigant's actions."  *Id.*

Mr. Gharb had notice that Unitronics sought an order restricting his future filings: in its motions to dismiss, Unitronics explicitly requested such relief. *See* Unitronics' Mots. to Dismiss, *Gharb III*, Dkt. 6; *Gharb IV*, Dkt. 4. "[A]n opportunity to address an issue in briefing counts as notice and an opportunity to be heard." *Smith v. Scalia*, Civil Case No. 13-0298 (KBJ), 2014 WL 2167109, at *12 (D.D.C. May 26, 2014) (citing cases). Unitronics' motion thus "provided [Mr. Gharb] with ample notice that he may be enjoined from making future filings in this district," and Mr. Gharb "had the opportunity to be heard on the matter of whether a prospective pre-filing injunction is appropriate because he was free to address the injunction issue in the context of his briefs in opposition to [Unitronics'] motions." *Id.*; *see also Rodriguez v. Shulman*, 844 F. Supp. 2d 1, 15 (D.D.C. 2012) (finding plaintiffs had opportunity to be heard in relation to defendant's motion for injunction where plaintiffs filed opposition brief). Mr. Gharb filed many responses to Unitronics' motion to dismiss; the fact that he did not address its request for a pre-filing injunction does not alter the conclusion that he had full notice of the relief sought and a full opportunity to be heard.

In creating a record for review and making findings "as to any pattern constituting harassment" or frivolousness, the Circuit has directed district courts to consider the number and content of the filings, whether the filings are similar to previous actions, and "whether the litigant is attempting to harass a particular adversary." *Powell*, 851 F.2d at 431. It is only appropriate to review a "new" lawsuit "for the limited purpose of determining whether the litigant has filed similar claims or for analyzing the prospective effect of the claims;" new claims should not be characterized as frivolous "except to the extent that they are similar to ones already so characterized." *Id.*

The record here makes obvious the frequency and singular focus of Mr. Gharb's litigations.  Since 2008, when the Federal Circuit affirmed this Court's finding of non-infringement, Mr. Gharb has sought continuously to relitigate his case.  He filed four separate lawsuits in this district, two of which were dismissed for failure to complete proper service, and two of which are at issue here.  Between *Gharb I*, the original case finding no infringement (and in which Unitronics seeks a contempt judgment), *Gharb III*, and *Gharb IV*, Mr. Gharb has filed 20 duplicative motions in less than three months, in addition to his two Complaints.  The motions are overwhelmingly similar.  In them, Mr. Gharb makes accusations against different individuals, but all allegations are the same and all of the filings relate back to the 2007 Judgment rendered by this Court.  Any "unrelated" claims are clearly designed to harass individuals related to the original case.

The Court easily finds that Mr. Gharb's filings are frivolous and repetitive.  Mr. Gharb has already litigated his allegations of infringement of the '654 Patent and now only seeks to undermine the prior rulings of this Court and the Federal Circuit.  Having reviewed the close similarities between the instant Complaints and pleadings and his previous lawsuits, "all of which have the same goal," the Court determines that the record more than suffices to restrict Mr. Gharb in his future filings.  *Caldwell*, 6 F. Supp. 3d at 50 (noting that "the requisite finding of harassment or vexatiousness does not rest solely on some arbitrary threshold number of lawsuits filed but rather must also take account of the repetitiveness and nature of the claims"); *see also Smith*, 2014 WL 2167109, at *13 (imposing pre-filing injunction where plaintiff filed ten prior lawsuits that, while stating somewhat different claims and requests for relief, contain "strikingly similar allegations"); *Harbison v. United States Senate Comm.*, 839 F. Supp. 2d 99, 102, 111 (D.D.C. 2012) (barring *pro se* plaintiff from future filings where he had filed three

duplicative complaints because he had "already had his day in court with respect to these claims and these defendants"); *Davis v. United States,* 569 F. Supp. 2d 91, 93, 99 (D.D.C. 2008) (imposing pre-filing injunction on plaintiff after filing fourth "essentially identical" suit).[11]

    Mr. Gharb's actions also demonstrate a pattern of harassment against Unitronics, counsel for Unitronics, and other individuals.  With each lawsuit and motion filed by Mr. Gharb, Unitronics expends resources litigating previously resolved claims.  Moreover, in addition to filing frivolous motions against the company, Mr. Gharb has attacked various attorneys associated with this case, making vague and meritless allegations that they "hid trademarks." Mr. Gharb also sent repeated emails to counsel for Unitronics about his claims, as well as to attorneys and staff who have no connection to this litigation.  *See Unitronics v. Gharb*, Def. Mot. for Contempt, Ex. 12 [Dkt. 90-13].  Persisting in his campaign of harassment, Mr. Gharb repeats his claims and condemns lawyers associated with this case, as well as the undersigned, on his publicly accessible blog.  *See* "Unitronics International Patent Process," *available at* http://myblospot-com.blogspot.com/2014/12/unitronics-story-business-with-imi.html (last visited on March 27, 2015).

---

[11] Mr. Gharb has also filed similar lawsuits alleging infringement of the '654 Patent in other courts, all of which have been dismissed.  *See Gharb v. United States*, No. 13-089C, 2013 WL 6383083, at *1 (Fed. Cl. Dec. 6, 2013) (noting that case was one of five filed in Court of Federal Claims by Mr. Gharb, all of which asserted infringement of the '654 patent and were dismissed for failure to state a claim); *Gharb v. Mitsubishi Elec. Automation, Inc.*, No. 10 C 07204, 2012 WL 1986435, at *3 (N.D. Ill. June 4, 2012) (citing the Federal Circuit's affirmance and finding no infringement); *Gharb v. Schneider Elec. SA*, No. 10 C 7637, 2011 WL 6156746, at *1, 3 (N.D. Ill. Dec. 12, 2011) (dismissing case where Mr. Gharb sued over 40 defendants for infringement of the 654 patent for failure to state a claim); *Gharb v. Rockwell Automation*, No. 11-CV-405, 2011 WL 5373989, at *1 (N.D. Ill. Nov. 4, 2011) (dismissing complaint alleging infringement of the '654 patent against 62 defendants for failure to serve and failure to state a claim).  Unitronics is not named as a defendant in of these filings but is repeatedly mentioned by Mr. Gharb.

Not only are Mr. Gharb's claims frivolous, repetitive, and harassing, they have been barred by the Injunction Order.  This flagrant disregard of court orders suggests that Mr. Gharb will not cease filing meritless lawsuits unless he is precluded from doing so.  Such vexatious conduct "constitutes an unwarranted burden on 'the orderly and expeditious administration of justice.'"  *Smith*, 2014 WL 2167109, at *13 (quoting *Urban*, 768 F.2d at 1500); *see also Davis*, 569 F. Supp. 2d at 99 (D.D.C. 2008) (The "repetitive presentation of essentially identical claims wastes limited judicial resources.").  Accordingly, in order to halt the steady stream of repetitive filings, the Court will grant Unitronics' request to enjoin Mr. Gharb from bringing future lawsuits concerning the '654 Patent.  *See Mikkilineni v. Penn Nat'l Mut. Cas. Ins. Co.*, 271 F. Supp. 2d 142, 143 (D.D.C. 2003) ("To protect the integrity of the courts and to prevent further harassment [ ], the plaintiff's filing of duplicative claims must stop.").

The Court is mindful of the burden such an injunction imposes on the right of free access to courts and will narrowly tailor its filing restrictions accordingly.  Mr. Gharb will be enjoined from filing new actions in the United States District Court for the District of Columbia that arise out of or relate to the '654 Patent, unless he receives prior permission from the Court.  Should Mr. Gharb wish to file any new complaint, he will first be required to file a motion for leave to file that includes specific information about all prior cases that he has filed in this District and that demonstrates that his proposed complaint raises new matters, including a concise description of the allegations in such complaint.  The proposed complaint must be attached to the motion for leave to file.  If Mr. Gharb files in this District without first seeking leave to do so in accord with the requirements set forth above, the new case will be summarily dismissed.

### IV.      CONCLUSION

For the reasons set forth above, the Court will grant Unitronics' motion for contempt, as well as their motions to dismiss, grant IMI's motion to dismiss, award attorney fees to Unitronics and IMI, dismiss all other Individual Defendants, and deny all of Mr. Gharb's motions as moot.  Unitronics and IMI shall each file a petition for reasonable attorneys' fees and costs incurred in responding to Mr. Gharb, and Mr. Gharb shall have the opportunity to respond to these petitions.  A memorializing Order accompanies this Memorandum Opinion.


Date: March 27, 2015                                   _____/s/_____
                                                       ROSEMARY M. COLLYER
                                                       United States District Judge




**COPIES VIA MAIL AND EMAIL TO:**
Samy Gharb
Kalchbuhlstrasse 161
8038 Zurich
Switzerland

samgharb@yahoo.com